# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**DELJUAN PRETTYMAN,**            }
                                  }
    **Petitioner,**            }
                                  }
**v.**                            }    **Case No.: 5:04-CR-63-RDP-RRA**
                                  }
**UNITED STATES OF AMERICA ,**    }
                                  }
    **Respondent.**            }

### MEMORANDUM OF DECISION REGARDING ORDER DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

This case is before the court on *pro se* Petitioner Deljuan Prettyman's Motion to Modify Term of Imprisonment (Doc. #86) filed May 16, 2008. Petitioner Prettyman files his motion pursuant to 18 U.S.C. § 3582(c)(2) requesting that this court modify or reduce his sentence based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). For the reasons stated herein, the court concludes that Petitioner's motion for reduction of sentence is due to be denied.

**I.      Background**

In May 2007, the U. S. Sentencing Commission ("Sentencing Commission") submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, Amendment 706 (hereinafter referred to as the "Crack Amendment"), represented the Sentencing Commission's attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. *See* United States Sentencing Comm'n, Report to Congress: Cocaine and Federal Sentencing Policy (May 2007) (the

"2007 Report"); *see also Kimbrough v. United States*, 128 S.Ct. 558, 569 (2007) (describing Commission's amendments to Sentencing Guidelines). In the absence of Congressional action to amend the 100:1 ratio found in the Title 21 statutes, the Sentencing Commission proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, the base offense level assigned to each threshold quantity of crack listed in the Drug Quantity Table in Guideline § 2D1.1. *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. To App'x C, Amend. 706.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007. In December 2007, following a period of public discussion, the Sentencing Commission voted to apply the Crack Amendment retroactively to cases decided before November 1, 2007. The effective date for retroactive application of the Crack Amendment was March 3, 2008. The Sentencing Commission also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as the "Amended Policy Statement"). Thus, as of March 3, 2008, the Crack Amendment and Amended Policy Statement apply to all relevant sentences, old and new. All of this was accomplished pursuant to the Sentencing Commission's authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

**II.     Analysis**

With that background, the court now turns to the current motion (Doc. #86) filed by Petitioner to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). Petitioner's motion seeks the benefit of the Crack Amendment and the Amended Policy Statement.

The focus of Petitioner's § 3582(c)(2) motion is the 240-month[1] sentence imposed upon him on November 2, 2004 under Counts One, Three, Four, and Five.[2] Petitioner pleaded guilty to these charges and was sentenced to the statutory minimum sentence. 21 U.S.C. §§ 841(b)(1)(A), 851.

The following chart sets forth the application of the Crack Amendment and the Amended Policy Statement as to the instant case:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 31 | 29 |
| **Criminal History Category** | IV | IV |
| **Imprisonment Range** | 240 months | 240 months |

### III.     Decision

Because the Crack Amendment and Amended Policy Statement did not (and could not) have any effect on the statutory minimum penalty set by Congress, this court finds that Petitioner is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G § 1B1.10.[3] Specifically, U.S.S.G § 1B1.10 removes from consideration those defendants who were sentenced to a statutory minimum sentence.[4]

---

[1] The government had previously filed an Information pursuant to 21 U.S.C. § 851 based on a prior conviction in Morgan County, case number CC-96-1073, which enhanced the penalty in Counts One and Three to not less than 20 years (240 months) and not more than Life.

[2] Petitioner was sentenced to 20 years (240 months) in Counts Four and Five pursuant to 21 U.S.C. § 841(b)(1)(C).

[3] U.S.S.G. § 1B1.10(a)(2)(B) states as follows: "Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

[4] U.S.S.G. § 1B1.10, comment.(n.1.(A)(ii)) states as follows: "Eligibility. – Eligibility for consideration . . . is triggered only by an amendment . . . that lowers the applicable guideline range. Accordingly, a reduction in the

According, Petitioner's Motion to Modify Term of Imprisonment is due to be denied. A separate order will be entered in accordance with the court's decision.

IV. **Notice of Appeal Rights**

Should Petitioner consider an appeal of the court's decision, a § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten (10) days from the entry of the judgment or order being appealed. *See, United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i). If Petitioner was represented by appointed counsel at trial or on appeal, Petitioner is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If Petitioner was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, Petitioner should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files his notice of appeal from the denial of the § 3582(c)(2) motion. The Clerk is **DIRECTED** to provide Petitioner with an application to proceed *in forma pauperis* form.

**DONE** and **ORDERED** this ___11th___ day of August, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

defendant's term of imprisonment is not authorized . . . if (ii) an amendment is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a **statutory mandatory minimum term of imprisonment**)." (Emphasis added).